FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS     NOV 0 4 2020
LUFKIN DIVISION

BY
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 9:20-CR- 57 |
| | § | RC|ZH |
| FRENCH LATRELLE CARPENTER | § | |

## **INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

### **Count One**

Violation: 18 U.S.C. § 1029(a)(4)
(Possession of Device Making Equipment)

On or about August 28, 2020, **French Latrelle Carpenter**, defendant, in the

Eastern District of Texas, did knowingly and with intent to defraud, have custody or

control of or possessed, device-making equipment, that is known as a credit card account

skimmer, that is a device designed for and capable of making access devices by reading,

recording, writing to and/or encoding information, including account numbers, on a

magnetic credit/debit card strip or credit/debit card security chip, said possession

affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 1029(a)(4).

**Count Two**

Violation: 18 U.S.C. § 1029(a)(3)
(Possession of Fifteen or more Unauthorized
Access Devices)

On or about August 28, 2020, **French Latrelle Carpenter**, defendant, in the Eastern District of Texas, did knowingly and with intent to defraud, have custody or control of or possessed, fifteen or more counterfeit or unauthorized access devices, that is credit/debit card account numbers, said possession affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 1029(a)(3).

**Count Three**

Violation: 18 U.S.C. § 1028A(a)(1)
(Aggravated Identity Theft)

On or about August 28, 2020, **French Latrelle Carpenter**, defendant, in the Eastern District of Texas, did knowingly possess, without lawful authority, a means of identification of another person or persons, that being credit card account numbers, during and in relation to a felony violation, to wit, access device fraud in violation 18 U.S.C. § 1029(a)(4), that is the possession of device-making equipment and possession of fifteen or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3).

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

### Criminal Forfeiture Pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1029(c)(1)(C) and 18 U.S.C. § 1028(b)

As the result of committing the offenses alleged in this Indictment, the defendants shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1029(c)(1)(C) and 18 U.S.C. § 1028(b), all property, real or personal, that constitutes or is derived from proceeds traceable to the aforementioned offense.  All such property is forfeitable to the United States.

1.   The allegations contained in Counts One, Two and Three of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1029(c)(1)(C) and 18 U.S.C. § 1028(b).

2.   Upon conviction of the offenses set forth in Counts One, Two and Three of this indictment, **French Latrelle Carpenter**, defendant, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1029(c)(1)(C) and 18 U.S.C. § 1028(b), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

One (1) DEFTUN magnetic credit/debit card strip or credit/debit card security chip reader writer encoder, model MSR605X, bearing serial no. A11911150330;

One (1) ZCS magnetic credit/debit card strip or credit/debit card security chip reader writer encoder, model ZCS100-IC, bearing serial no. A11911150330;

One (1) DEFTUN magnetic credit/debit card strip or credit/debit card security chip reader writer encoder, model MSRX6(BT), bearing serial no. E11811302064;

One (1) Advanced Card Systems magnetic credit/debit card strip or credit/debit card security chip reader writer encoder, model ACR38, bearing serial no. RR100-861752;

One (1) black Samsung Galaxy S5 cell phone

One (1) blue Motorola cell phone

One (1) black Samsung cell phone

All pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1029(c)(1)(C) and 18 U.S.C. § 1028(b).

TRUE BILL

_____
GRAND JURY FOREPERSON

STEPHEN J. COX
UNITED STATES ATTORNEY

_____
TOMMY L. COLEMAN
Special Assistant United States Attorney

11/4/2020
_____
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 9:20-CR- 57 |
| | § | RC/ZH |
| FRENCH LATRELLE CARPENTER | § | |

## NOTICE OF PENALTY

### Count One

Violation:        18 U.S.C. § 1029(a)(4)
                  (Possession of Device Making Equipment)

Penalty:          Imprisonment for not more than 15 years, a fine
                  not to exceed $250,000.00, (or twice the
                  pecuniary gain to the defendant or loss to the
                  victim) or both; and supervised release of not
                  more than three (3) years.

Special Assessment:        $100.00

### Count Two

Violation:        18 U.S.C. § 1029(a)(3)
                  (Possession of Fifteen or more Unauthorized Access Devices)

Penalty:          Imprisonment for not more than 10 years, a fine
                  not to exceed $250,000.00, (or twice the
                  pecuniary gain to the defendant or loss to the
                  victim) or both; and supervised release of not
                  more than three (3) years.

Special Assessment:        $100.00

## **Count Three**

Violation:           18 U.S.C. § 1028A(a)(1)
(Aggravated Identity Theft; Aiding & Abetting)

Penalty:            Imprisonment for 2 years, a fine not to exceed
$250,000.00, (or twice the pecuniary gain to the
defendant or loss to the victim) or both; and
supervised release of not more than three (3)
years. Imprisonment to run consecutive to any
other term of imprisonment imposed for other
offenses.

Special Assessment:      $100.00